Scott, J.
The first question arising upon the assignments of error in this case is: Did the court of common pleas err in sustaining the demurrer of plaintiff below to the third defense of defendant below, who is here plaintiff in error? A demurrer to a pleading admits the truth of the allegations therein made, only so far as they are well pleaded. Now,-this third defense, as we understand it, alleges that the railroad upon which the fare was charged was constructed by the Columbus, Piqua and Indiana Railroad Company, a corporation duly incorporated under the laws of the state, which by its charter had a right to charge for the transportation of passengers the rates stated in the petition of plaintiff below, and that the defendant below was operating said railroad as a bailiff, and had therefore a right inhering in said railroad to charge the rates for transportation of passengers stated in the petition of plaintiff' below.
The general law of the state, as embodied in the statute under which this action was brought, allows corporations operating a railroad within this state to charge three cents per mile, and no more; for the transportation of passengers for a distance exceeding eight miles. Of such public and general statutes courts are bound to take judicial notice. But if a right to charge a higher rate of fare be conferred by special statute on a particular corporation by the terms of its charter, such right being founded on a statute of a private character, must, in order to be available, be specially pleaded. Section 123 of the code of civil procedure *392 provides that “in pleading a private statute, or a right del’ived therefrom, it shall be sufficient to refer to such statute by its title and the day of its passage, and the court shall thereupon take judicial notice thereof.”
Rut in the ease before us, the alleged statute conferring special franchises on the Columbus, Piqua and Indiana Railroad Company is, in the defense under consideration, referred to neither by its title, by the date of its passage, nor in any other way whatever. The court below could not, therefore, properly take judicial notice of any special franchises alleged to have been conferred by its charter on the Columbus, Piqua and Indiana Railroad Company. Besides, the defense under consideration does not allege that the defendant below was operating the road as bailiffs of the Columbus, Piqua and Iudiana Railroad Company, but seems to be based on the theory that the right to demand and receive special rates of fare was, by the charter of said company, made inherent in the road, and so passed with the road to any person or corporation lawfully authorized to operate it. The untenable character, of this theory is clearly shown by the cases of The State v. Sherman, 22 Ohio St. 411, and Shields v. The State, 26 Ohio St. 86. We think, therefore, that the facts stated in this defense do not justify the legal conclusion drawn therefrom by the pleader that the defendant had a lawful right, for the causes stated, to charge the rates of fare in the petition alleged, and the demurrer thereto was for this reason well taken and properly sustained.
Plaintiff below, in his petition, averred that defendant below had unlawfully demanded and received from him for transporting him as a passenger from Milford Center to Piqua, Ohio, a distance of forty-four miles, the sum of $1.55; and, in another paragraph, that the defendant below had demanded and received from him as fare for his transportation as a passenger from Milford Ceuter to Eletcher, Ohio, a distance of thirty-eight miles, the sum of $1.35. The defense under consideration avers that the distance from Milford Center to Piqua is a fraction of a mile over *393 forty-four miles, and that the distance from Milford Center to Fletcher is a fraction of a mile greater than thirty-eight miles. But these allegations, which the demurrer admits to be true, are no defense to any of the causes of action, inasmuch as the fare demanded and received was iu each case more than three cents per mile for the alleged distance, as stated iu the answer. We think, therefore, that the court below properly sustained the demun’er to this defense.
The only remaining question is, whether the court below erred in rendering judgment for a forfeiture of twenty-five dollars in each case of overcharge.
We do not understand that the plaintiff in error denies that the several paragraphs in plaintiff’s petition each state a distinct cause of action. Plaintiff iu error demurred to eight of them as distinct causes of action, and we think this was properly done. Nor did plaintiff in error, by demurrer or otherwise, question the right of plaintiff below to unite in one petition several distinct canses of action arising under the same statute. But the claim, as we uuderstand it from the answer below, and from the argument of counsel for plaintiff iu error, is that the statute gives to the party aggrieved a right to recover double the amount of the overcharges by way of penalty or forfeiture, and that the sum of twenty-five dollars is awarded only as a conditional compensation in cases where the aggregate amount of double the overcharges complained of in any action shall be found to be less than twenty-five dollars, and can not, therefore, be recovered for each overcharge, inasmuch as the statute does not, in terms, provide that such sum shall be recovered for each and every overcharge.
In support of this position, we are referred to the case of Fisher v. N. Y. C. R. R. Co., decided by the Coart of Appeals of New York, and reported in 46 N. Y. 644. There the plaintiff sued for numerous overcharges, as in this case, and claimed to recover the penalty of fifty dollars on each overcharge, together with the amount of the overcharges. The law of New York provided “that any rail *394 road company which, shall ask and receive a greater rate of fare than that allowed hy law, shall forfeit fifty dollars, which sum may be recovered, together with the excess so received, by the party paying the same.” The court held that “ the forfeiture of fifty dollai-s was not given as a satisfaction of the injury received — that is fully satisfied by a return of the sum extorted, with interest; but the fifty dollars is given to compensate the party injured for his expenses in the prosecution, and to compel the company to pay such a sum as would stop the practice.”
This New York statute, it will be perceived, gave the party aggrieved a right to recover two sums of money, to wit, fifty dollars, as a forfeiture, together with the excess received by the railroad company. The court held that the recovery of such excess was not intended by the statute as a satisfaction for the injury sustained, and that the penalty of fifty dollars was given to the party injured by way of compensation for expenses of prosecution, and to compel the company to desist from extortion. But the Ohio statute, under which this action was brought, allows a recovery of but one sum, and that by way of penalty or forfeiture for each case of its violation. It gives nothing but a forfeiture “ equal to double the 'amount of the overcharge, but in no case less than twenty-five dollars.” The cases referred to in the clause which provides that “ in no case shall the amount of the forfeiture be less than twenty-five dollars,” clearly appear, from the preceding context, to be cases of overcharges. The New York statute, to which reference has been made, contained no such clause. And a majority of the court are unable to perceive a substantial difference between the meaning of this language, and that of a provision declaring that in each and ecery case of overcharge the forfeiture should be not less than twenty-five dollars.
If the amount of the forfeiture can, in no cctse, be less than twenty-five dollars, then it must, in each and every ease, bo as great as twenty-five dollars.
We think the judgment of the court of common pleas must be affirmed.